IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MELINDA CARROLL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:23-cv-00101 |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant") files this its *First Amended Answer to Plaintiff's Complaint*, and respectfully shows the Court as follows:

### ANSWER

### DISCOVERY

1. No answer is required to the allegations in the first paragraph of *Plaintiff's Original Petition and Application for Injunctive Relief* (the "Complaint"). To the extent an answer is required, Defendant denies that the Texas Rules of Civil Procedure apply to this matter since the removal of the case to this federal court.

### PARTIES

2. In answer to the allegations in paragraph 2 of the Complaint, Defendant states that it does not dispute those allegations.

3. In answer to the allegations in paragraph 3 of the Complaint, Defendant states that it has appeared in this action.

**JURISDICTION AND VENUE**

4. In answer to the allegations in paragraph 4 of the Complaint, Defendant states that it does not dispute the jurisdiction of this Court.

5. In answer to the allegations in paragraph 5 of the Complaint, Defendant states that it does not dispute venue in this Court.

**RELEVANT FACTS**

6. In answer to the allegations in paragraph 6 of the Complaint, Defendant admits only that the real property records speak for themselves.

7. Defendant admits the allegations in paragraph 7 of the Complaint.

8. Defendant admits the allegations in paragraph 8 of the Complaint.

9. In answer to the allegations in the first and second sentences of paragraph 9 of the Complaint, Defendant states it lacks information or knowledge sufficient to admit or deny those allegations, and therefore denies them. The allegations in the third sentence are too vague to admit or deny, and therefore Defendant denies them. Defendant denies the allegations in the fourth sentence. In answer to the allegations in the fifth sentence, Defendant states only that the bankruptcy court records speak for themselves.

10. In answer to the allegations in the first, second and third sentences of paragraph 10 of the Complaint, Defendant states it lacks information or knowledge sufficient to admit or deny those allegations, and therefore denies them. In answer to the allegations in the fourth sentence, Defendant states only that the bankruptcy court records speak for themselves.

11. Defendant denies the allegations in paragraph 11 of the Complaint.

12. Defendant denies the allegations in paragraph 12 of the Complaint.

13. Defendant denies the allegations in paragraph 13 of the Complaint.

14. Defendant denies the allegations in paragraph 14 of the Complaint.

## CLAIM

### AGENCY & RESPONDEAT SUPERIOR

15. In answer to the allegations in the first sentence of paragraph 15 of the Complaint, Defendant admits only that Plaintiff intends the meaning of the allegations described therein, however, Defendant denies that the application of respondeat superior is appropriate and denies all liability. Defendant denies all remaining allegations in paragraph 15.

### FIRST CAUSE OF ACTION: BREACH OF CONTRACT

16. To the extent not inconsistent herewith, Defendant incorporates by reference the answers made above as if set forth fully herein. Defendant denies all allegations in paragraph 16 under this heading, including subparagraphs A through E.

### SECOND CAUSE OF ACTION: VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

15. To the extent not inconsistent herewith, Defendant incorporates by reference the answers made above as if set forth fully herein.

16. In answer to the allegations in the second paragraph 16 of the Complaint, Defendant admits only that Plaintiff purports to assert the claim noted therein. Defendant denies that Plaintiff has stated this claim and denies all liability.

17. No answer is required with respect to the allegations in paragraph 17 of the Complaint because they constitute legal conclusions. To the extent an answer is required, Defendant denies the allegations.

18. No answer is required with respect to the allegations in paragraph 18 of the Complaint because they constitute legal conclusions. To the extent an answer is required, Defendant denies the allegations.

19. Defendant denies the allegations in paragraph 19 of the Complaint, including subparagraphs A through C.

20. Defendant denies the allegations in paragraph 20 of the Complaint.

21. Defendant denies the allegations in paragraph 21 of the Complaint.

22. Defendant denies the allegations in paragraph 22 of the Complaint.

### THIRD CAUSE OF ACTION: BREACH OF DUTY OF COOPERATION

23. To the extent not inconsistent herewith, Defendant incorporates by reference the answers made above as if set forth fully herein.

24. No answer is required with respect to the allegations in paragraph 24 of the Complaint because they constitute legal conclusions. To the extent an answer is required, Defendant states that the legal authorities cited speak for themselves.

25. Defendant denies the allegations in paragraph 25 of the Complaint.

### FOURTH CAUSE OF ACTION: ACCOUNTING

27. To the extent not inconsistent herewith, Defendant incorporates by reference the allegations made above as if set forth fully herein.

28. Defendant denies the allegations in paragraph 28 of the Complaint.

### DAMAGES: ACTUAL DAMAGES

29. Defendant denies the allegations in paragraph 29 of the Complaint.

### CONDITIONS PRECEDENT

30. Defendant denies the allegations in paragraph 30 of the Complaint.

### EX-PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER

31. To the extent not inconsistent herewith, Defendant incorporates by reference the answers made above as if set forth fully herein.

32. Defendant denies the allegations in paragraph 32 of the Complaint.

33. Defendant denies the allegations in paragraph 33 of the Complaint.

34. In answer to the allegations in paragraph 34 of the Complaint, Defendant admits only that Plaintiff seeks the relief requested therein. Defendant, however, denies that Plaintiff is entitled to that relief and denies all liability.

35. Defendant denies the allegations in paragraph 35 of the Complaint.

36. Defendant denies the allegations in paragraph 36 of the Complaint.

## BOND

37. No answer is required to the allegations in paragraph 37 of the Complaint. To the extent an answer is required, Defendant denies those allegations.

## PRAYER

No answer is required to the allegations in the Prayer of the Complaint. To the extent an answer is needed, Defendant denies all liability and denies that Plaintiff is entitled to any relief including the relief sought in subparagraphs A through E.

Except as admitted, qualified, or otherwise stated herein, Defendant denies all allegations contained in the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative and other defenses:

1. Plaintiff fails to state a claim against Defendant.

2. Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel (in all of its forms), quasi-estoppel, waiver, consent, accord and satisfaction, unclean hands, laches, good faith, bona fide error, and/or other equitable doctrines.

3. Plaintiff's claims are barred, in whole or in part, by reason of Defendant's compliance with applicable contracts, agreements, statutes, regulations, and other provisions of law.

4. Plaintiff's claims are barred, in whole or in part, by applicable statute(s) of limitations.

5. Plaintiff's claims are barred, in whole or in part, for failure to allege and prove all condition(s) precedent to recovery, including, but not limited to, failure to tender.

6. Plaintiff's claims are barred, in whole or in part, by offset, setoff, recoupment and/or credits owed to Defendant.

7. Plaintiff's attorneys' fees are not recoverable, reasonable, or necessary and are barred in whole or in part by failing to present a demand or by making an excessive demand.

Plaintiff's claims may also be barred by additional defenses that may arise during the course of this litigation, which defenses Defendant reserves the right to assert.

WHEREFORE, Defendant prays that Plaintiff take nothing by the Complaint, that said Complaint be dismissed with prejudice and on the merits, that Defendant be awarded its costs of court, attorneys' fees and expenses, and that Defendant be awarded such other and additional relief as the Court deems just and equitable.

Respectfully submitted,

*/s/ Elizabeth K. Duffy*

**Robert T. Mowrey**
Texas Bar No. 14607500
rmowrey@lockelord.com
**Matthew K. Hansen**
Texas Bar No. 24065368
mkhansen@lockelord.com
**Elizabeth K. Duffy**
Texas Bar No. 24050535
eduffy@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
(214) 740-8000 (Telephone)
(214) 740-8800 (Facsimile)

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was served on this 17th day of July 2023 via the Court's efiling, on:

**Jason A. LeBoeuf**
LEBOEUF LAW FIRM, PLLC
675 Town Square Blvd., Suite 200
Building 1A
Garland, Texas 75040
(214) 206-7423
*Attorney for Plaintiff*

*/s/ Elizabeth K. Duffy*
*Attorney for Defendant*